IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                  Case No. 2:92-cr-49-1

Eusebio Toledo-Yin

ORDER

Defendant has filed a motion to reduce sentence pursuant to 18 U.S.C. §3582(c)(2) based upon the recent reduction in the guideline sentencing range applicable to crack cocaine offenses which was made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. §994(u). Defendant's sentence was previously reduced by order filed on November 19, 2008, after a previous amendment of the crack cocaine guideline, which resulted in a reduction of defendant's base offense level from a base offense level 36 to a base offense level 34. This base offense level took into account the amount of crack cocaine and cocaine powder attributed to the defendant as relevant conduct.

The court has reviewed the original presentence investigation report, and has recalculated the defendant's base offense level using the new ratio for converting crack cocaine to an equivalent amount of marihuana. See United States Sentencing Guidelines ("U.S.S.G.") §2D1.1, Application Note 8(D), Drug Equivalency Tables (1 gram of crack cocaine equals 3571 grams of marihuana; 1 gram of cocaine equals 200 grams of marihuana). The quantities attributed to defendant include 2,337.12 kilograms of marihuana (converted from 654.472 grams of crack cocaine) and 2,107.58 kilograms of marihuana (converted from 10,537.9 grams of powder cocaine), for a total of 4,444.7 kilograms of marihuana. Defendant's base offense

level would still be a base offense level 34.  See U.S.S.G. §2D1.1(c)(establishing a base offense level 34 for the range of 3,000 to 10,000 kilograms of marihuana).

Under U.S.S.G. §1B1.10(a)(2)(b), a reduction in the defendant's term of imprisonment is not consistent with §1B1.10 or authorized under §3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range."  As that is the case here, defendant is not entitled to a reduction of his sentence under §3582(c)(2), and his motion to reduce sentence is denied.


Date: January 30, 2013            s/James L. Graham
                                  James L. Graham
                                  United States District Judge